IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Hyun Jin Kim**, on behalf of herself and all other Plaintiff similarly situated known and unknown, | ) ) ) | |
| Plaintiff, | ) | Case No. 22-cv-2375 |
| v. | ) ) | |
| **Maha, Inc. D/B/A Midori Japanese Restaurant and Bong Hee Ma,** | ) ) ) | Collective Action |
| | ) | Jury Demand |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff Hyun Jin Kim, individually and on behalf of others similarly situated, complain against Defendants Maha, Inc. and Bong Hee Ma, alleging claims under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the City of Chicago Minimum Wage Ordinance ("Wage Ordinance"). Plaintiff brings her FLSA claims as a putative collective action, pursuant to 29 U.S.C. § 216(b).

## **Introduction**

1. Defendant Maha, Inc. operates Midori Japanese Restaurant at 3310 Bryn Mawr Avenue, Chicago IL 60659. This complaint arises out of Defendants' failure to pay Plaintiff and all other similarly situated employees one-and-a-half times of minimum wage rate for hours worked in excess of forty in a workweek and Defendants' failure to pay Plaintiff and other similarly situated the City of Chicago Minimum Wage.

2. Plaintiff, individually and on behalf of others similarly situated, seeks to recover unpaid wages, interest, statutory penalties, liquidated damages, and attorneys' fees and costs pursuant to the FLSA, the IMWL, and the Wage Ordinance.

1

**Parties**

3. Plaintiff Hyun Jin Kim ("Kim") worked as a server for Defendants from approximately 2002 until April 30, 2022. During Kim's employment with Defendants, Defendants never paid her wage other than her tip wage.

4. Plaintiff's primary duties were taking orders, serving food to customers, and processing the payment for customers of Defendants.

5. Plaintiff was an "employee" of Defendants as that term is defined by the FLSA, IMWL, and the IWPCA.

6. Plaintiff has resided in and been domiciled in the state of Illinois and within this judicial district.

7. Defendant Maha, Inc. ("Midori"), is an Illinois corporation located in Chicago, Illinois.

8. Midori has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district.

9. Midori has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

10. Defendant Bong Hee Ma is the registered agent and the president of Maha, Inc. Upon information and belief, she resides in Arlington Height in Cook County, Illinois.

11. During relevant times, Defendants were Plaintiff's employers for purposes of the FLSA, the IMWL, and the City of Chicago Wage Ordinance.

## Jurisdiction and Venue

12. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's IMWL and Wage Ordinance claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper in this district because, at all relevant times, Defendants employed Plaintiff in this judicial district.

## Facts

14. Defendants operate a Japanese Restaurant in the City of Chicago.

15. Plaintiff's job required her to greet customers, take an order, serve food and proceed with customers' payment for the restaurant.

16. Plaintiff worked for Defendants as a server in excess of forty hours in at least one workweek.

17. From about May 4, 2019, until March 2020, Plaintiff worked about 11.5 hours a day for 5 or 6 days per week.

18. During the workweek from March 10, 2020, to March 31, 2021, Kim worked 7 hours a day for 5 or 6 days.

19. From about April 1, 2021, until October 31, 2021, Kim worked 7 hours a day for 7 days without an off day.

20. From about November 1, 2021, until April 30, 2022, Kim worked 7 hours a day for 5 days per week.

21. During all period she worked for Defendants, she was never paid any house pay for all hours she worked.

22. Defendants never paid Plaintiff one-and-a-half times the tipped employee's minimum wage rate of pay for hours worked in excess of forty in a workweek.

23. Defendants never paid any of their servers any wage including minimum wage and one-and-a-half times their regular hourly rate of pay for hours worked in excess of forty in a workweek.

24. Defendants made deductions at 18% of servers' credit card tips as payroll tax withholding.

25. Defendants often gave some portion of servers' tips to kitchen workers.

### Enterprise Status

26. From May 1, 2019, to the present, Defendants constituted an "enterprise engaged in commerce" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose.

27. During relevant times, Defendants engaged in over $500,000 in annual sales or business.

28. During relevant times, Defendants' employees handled or sold foods that moved in interstate commerce.

### FLSA Individual Coverage

29. Servers are responsible for checking out customers' bills and processing credit card payments by using credit card process machines.

### Collective Allegations

30. Plaintiff Kim brings the claims set forth in Count I, alleging violations of the FLSA, as a collective action on behalf of herself and an **"FLSA Minimum and Overtime Collective**

4

**Members,"** consisting of all hourly employees of Midori between May 5, 2019, and the present and who, during that time, worked in excess of forty hours a week in any workweek.

31. Common questions of law and fact predominate over individual issues affecting only individual collective members. The common questions of law and fact include, among others, whether Midori denied Plaintiff and the FLSA Minimum and Overtime Collective Member overtime wages due and owing under the FLSA;

32. Plaintiff will fairly and adequately protect the interests of all collective members. Plaintiff Kim is a member of the FLSA Minimum and Overtime Collective Member. Plaintiff's claims are typical of the claims of all Collective Members. Plaintiff's interests in obtaining monetary relief for Defendants' violations of the Collective Members' rights are consistent with and are not antagonistic to those of any person within the classes.

33. Plaintiff has retained counsel competent and experienced in complex and collective action litigation.

34. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a collective action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

### COUNT I
### Violation of the Fair Labor Standards Act- Minimum Wages
*Section 216(b) Collective Action*

35. Plaintiff incorporates and re-alleges paragraphs 1 through 34 of this Complaint, as though set forth herein.

36. The matters set forth in this Count arise from Defendants' violation of the minimum wage provisions of the FLSA.

37. Defendants suffered and permitted Plaintiff to work, and Plaintiff did in fact perform work for Defendants, but did not compensate her at least at the federal minimum wage rate for all time worked.

38. Defendants likewise suffered and permitted other similarly situated employees to work who did, in fact, perform work for Defendants but did not compensate them at least at the federal minimum wage rate for all time worked.

39. Plaintiff and other similarly situated employees were not exempt from the minimum wage provisions of the FLSA and were entitled to be compensated at least at the federal minimum wage rate.

40. Defendants violated the FLSA by failing to compensate Plaintiff and other similarly situated employees at least at the federal minimum wage rate for all time worked.

41. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

 a. That the Court determines that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;
 b. A judgment in the amount of unpaid minimum wages;
 c. Liquidated damages in the amount equal to the unpaid minimum wages;
 d. That the Court declare that Defendants have violated the FLSA;
 e. That the Court enjoin Defendants from violating the FLSA;
 f. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and such other and further relief as this Court deems appropriate and just

## COUNT II
### Violation of the Illinois Minimum Wage Law- Minimum Wages
*Plaintiff on behalf of herself and similarly situated employees*

42. Plaintiff incorporates and re-alleges paragraphs 1 through 41 of this Complaint, as though set forth herein.

43. The matters set forth in this Count arise from Defendants' violation of the minimum wage provisions of the IMWL. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

44. Defendants suffered and permitted Plaintiff to work, and Plaintiff did in fact perform work for Defendants, but was not compensated at least at the Illinois-mandated minimum wages for all time worked.

45. Defendants likewise suffered and permitted other similarly situated employees to work who did, in fact, perform work for Defendants but did not compensate them at least at the Illinois minimum wage rate for all time worked.

46. Pursuant to 820 ILCS 105/4, Plaintiff and similarly situated employees were entitled to be compensated the Illinois-mandated minimum wages for all time worked.

47. Defendants violated the IMWL by failing to compensate Plaintiff and similarly situated employees at least the Illinois-mandated minimum wage rate for all time worked.

48. Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

49. The Class that Plaintiff seeks to represent in regard to the minimum wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendants since May 5, 2019, up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a. That the Court determines that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

b. A judgment in the amount of all unpaid minimum wage as provided by the IMWL;

c. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

d. That the Court declare that Defendants have violated the IMWL;

e. That the Court enjoin Defendants from violating the IMWL;

f. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

g. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act- Overtime Wages
*Section 216(b) Collective Action*

50. Plaintiff incorporates and re-allege paragraphs 1 through 48 of this Complaint, as though set forth herein.

51. The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

52. Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual workweeks during their employment with Defendants.

53. Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual workweeks but did not compensate them at a time and a half their regular rate for all time worked.

8

54. Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA and were entitled to be compensated at least at the federal minimum wage rate.

55. Defendants violated the FLSA by failing to compensate Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

56. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

a. That the Court determines that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

b. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks.

c. Liquidated damages in the amount equal to the unpaid overtime wages;

d. That the Court declare that Defendants has violated the FLSA;

e. That the Court enjoin Defendants from violating the FLSA;

f. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

g. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law- Overtime Wages
*Plaintiff on behalf of herself and similarly situated employees*

57. Plaintiff incorporates and re-alleges paragraphs 1 through 56 of this Complaint, as though set forth herein.

58. The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the IMWL.

59. Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual workweeks during their employment with Defendants.

60. Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half their regular rate for all time worked.

61. Plaintiff and similarly situated employees were not exempt from the overtime wage provisions of the IMWL and were entitled to be compensated at time and a half their regular rate of pay for all time worked in excess of forty hours per week.

62. Defendants violated the IMWL by failing to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks at time and a half Plaintiffs' regular rate of pay.

63. Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

64. The Class that Plaintiff seeks to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendants since May 5, 2019, up through and including the date of filing of this lawsuit.

   WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

a. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

b. A judgment in the amount of all overtime wages due to Plaintiff and the Class as provided by the IMWL;

c. Statutory damages for Plaintiff and the Class pursuant to the formula set forth in 820 ILCS 105/12(a);

d. That the Court declare that Defendants have violated the IMWL; That the Court enjoin Defendants from violating the IMWL;

e. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

f. and such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act
*Plaintiff on behalf of herself and similarly situated employees*

65. Plaintiff incorporates and re-alleges paragraphs 1 through 64 of this Complaint, as though set forth herein.

66. This Count arises from Defendants' violation of the IWPCA for its failure to pay Plaintiff and similarly situated employees earned wages for all time worked at the rate agreed to by the parties, described more fully in paragraphs 6-11, *supra*.

67. During the course of his employment, Plaintiff and similarly situated employees had an agreement with Defendants to be compensated for all hours worked at the rate agreed to by the parties.

68. Defendants did not compensate Plaintiff and similarly situated employees for all hours worked at the rate agreed to by the parties.

69. Plaintiff and similarly situated employees were entitled to be paid for all time worked at the rate agreed to by the parties.

70. Defendants' failure to pay Plaintiff and similarly situated employee for all time worked at the rate agreed to by the parties violated the IWPCA.

    WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

    a. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

    b. A judgment in the amount of all overtime wages due to Plaintiff and the Class as provided by the IWPCA;

    c. Statutory damages pursuant to the formula set forth in the IWPCA, 820 ILCS 15/14;

    d. That the Court declare that Defendants violated the IWPCA;

    e. That the Court enjoin Defendant from continuing to violate the IWPCA;

    f. Reasonable attorneys' fees and costs as provided by the IWPCA;

    g. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Chicago Minimum Wage Ordinance

71. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

72. Defendants employed Plaintiff and other putative Collective Members because it permitted them to work at its Chicago security locations and exerted substantial control over the manner in which they performed their work.

73. Defendants did not pay Plaintiff or other putative Collective Members the required Chicago minimum wage after July 1, 2015.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

a. Certifying this case as a class action pursuant to Rule 23;

b. Appointing Plaintiff as the representatives of the Chicago Minimum Wage Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of violation Section 1-24-020 of the Chicago Minimum Wage Ordinance;

e. Awarding Plaintiff and putative Collective Members unpaid wages due as provided by the Chicago Minimum Wage Ordinance, Section 1-24-110;

f. Awarding penalties in the amount of three times the amount of Plaintiff and putative Collective Members' unpaid wages, pursuant to Section 1-24-110 of the Chicago Minimum Wage Ordinance;

g. Awarding reasonable attorneys' fees and costs of this action as provided by the Chicago Minimum Wage Ordinance;

h. Awarding such other relief as this Court deems just and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.

      /s/ Ryan Kim  
Ryan J. Kim

Attorney for Plaintiff  
RYAN KIM LAW, P.C.  
222 Bruce Reynolds Blvd. Suite 490  
Fort Lee, NJ 07024  
Attorney for Plaintiff  
ryan@ryankimlaw.com