**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HYUN JIN KIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22-cv-2375 |
| | ) | |
| MAHA, INC., d/b/a MIDORI JAPANSE | ) | Honorable Virginia M. Kendall |
| RESTAURANT and BONG HEE MA, | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER AUTHORIZING NOTICE TO SIMILARLY SITUATED PERSONS PURSUANT TO 29 U.S.C. § 216(b)**

NOW COME the defendants, MAHA, INC., d/b/a MIDORI JAPANESE RESTAURANT and BONG HEE MA, by and through their counsel, LAW OFFICE OF SAMUEL SHIM, for their response in opposition to plaintiff's motion for order authoring notice to similarly situated persons pursuant to 29 U.S.C. § 216(b), state the following:

**Introduction**

Hyun Jin Kim, the lone Plaintiff and a former server who worked for Maha, Inc., is seeking to transform her lawsuit into a collective action under section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. If successful, Kim plans to represent all similarly situated persons associated with Defendants by having this Court issue notice to supposedly similarly situated employees, which will allow them to then opt in to her lawsuit.

While plaintiff has entitled her motion as a "motion for order authorizing notice to similarly situated persons pursuant to 29 U.S.C. § 216(b)," the defendants will treat it as a motion for conditional certification. Before the Court can consider plaintiff's request, plaintiff must comply with her burden and

1

establish certain prerequisites before the Court can conditionally certify her proposed "class" and issue notice. Plaintiff fails to meet any of her obligations.

First, conditional certification and notice under section 216(b) of the FLSA cannot be awarded unless the plaintiff identifies that other employees exist who (a) want to opt in to her lawsuit, and (b) are similarly situated regarding the alleged overtime compensation violations. Plaintiff cannot do so. Plaintiff's motion is devoid of information regarding the type of work allegedly performed pre- and/or post-shift and information regarding the amount of overtime other employees worked overtime, if any.

This necessarily means that her claims are individual in nature and no nexus exists to bind her experiences to those of other employees. The putative "class" members are not similarly situated to Kim for her lawsuit to proceed as a collective action under the FLSA.

Second, even if she could identify similarly situated employees, the nature of their claims and defendants' defenses will require a detailed and fact-specific examination of how different non-exempt employees, unlike Kim, received compensation. This will soon degenerate the proposed "collective action" into a series of mini-trials concerning how or when each non-exempt or exempt employee worked or kept track of his or her time. FLSA collective actions cannot be conditionally certified when individual issues with dominate, as they will here, over common ones in the lawsuit. For these, and the other reasons discussed in this Response, Kim's request for notice to her proposed class and for conditional certification under section 216(b) should be denied.

District courts have discretion to allow issuance of notice to potential plaintiffs in a collective action under the FLSA. However, they are not required to do so. *Hoffman-La Roche International v. Sperling*, 493 U.S. 165, 172 (1989); *Alvarez v. City of Chicago*, 605 F.3d 445 (7th Cir. 2010) Discretion is favorably exercised where several requirements are met. First, the actual plaintiff in the pending suit and the potential plaintiffs must be "similarly situated." 29 U.S.C. § 216(b)

Determining whether they are "similarly situated" requires a two-step analysis. *Rottman v. Old Second Bancorp, Inc.,* 735 F.Supp.2d 988, 990 (N.D.Ill.2010). At the first step, "the court looks for no more than a 'minimal showing' of similarity." *Howard v. Securitas Security Servs., USA Inc.*, No. 08 C 2746, 2009 WL 140126, at *5 (N.D.Ill. Jan. 20, 2009). "A modest factual showing cannot be founded solely on allegations of the complaint; some factual support must be provided, such as in the form of affidavits, declarations, deposition testimony, or other documents." *DeMarco v. Northwestern Memorial Healthcare*, No. 10 C 397, 2011 WL 3510905, at *1 (N.D.Ill. Aug. 10, 2011) A plaintiff must demonstrate, through these devices, "a factual nexus between the plaintiff and the proposed class or a common policy that affects all the collective members." *Howard*, 2009 WL 140126, at *2.

### Objections to Plaintiff's Sworn Declaration

Defendants object to various portions of Kim's Sworn Declaration as being incompetent to support her motion. Specifically, Kim's conclusory statement that "all servers who worked for the Defendants were not paid their minimum or overtime wage for the hours they worked" is insufficient to support her motion for conditional certification. (Dkt. #12-1, ¶ 12) Plaintiff does not state any facts upon which this conclusory comment is based. While plaintiff makes specific, detailed averments in her declaration as to number of hours worked and number of days she worked, none of those specific allegations are made as to other employees. Other than conclusory allegation that other servers were not paid their minimum or overtime wage, plaintiff does not present any evidence as to the number of hours and number of days the other employees worked, the type of work they engaged in, what their specific job positions were, and whether they were non-exempt, or that they in fact were legally entitled to overtime compensation. The same defect is present in plaintiff's conclusory statement: "This was a company-wide policy to save money on wages paid to employees:…" (Dkt. #12-1, ¶ 12) There are no specific allegations as to the so called "company wide policy."

Plaintiff has not established that she and the other employees who worked at the Midori Restaurant, are similarly situated. The allegations contained in Kim's Sworn Declaration suggest that

each claim would require extensive consideration of individualized issues of liability and damages. Plaintiff has failed to offer sufficient evidence to establish that the putative class members were commonly affected by a uniform plan or scheme to deny workers overtime compensation and minimum wages. Notably, plaintiff's conclusory averment that "[t]his was a company-wide policy to save money on wages paid to employees…" is not supported by any facts. (Dkt. #12-1, ¶ 12)

## CONCLUSION

Plaintiff's Motion for Conditional Certification should be denied. Plaintiff's conclusory declaration fails establish that other employees were similarly situation and that the alleged non-payment of any wages except the tip was a common policy during the relevant time period.

WHEREFORE, the defendants respectfully move the court to deny Plaintiffs Motion for Order Authoring Notice and grant such other relief it deems just and proper.

Dated: November 1, 2022

Respectfully submitted,
*/s/ Samuel Shim*
One of the attorneys for defendants

LAW OFFICE OF SAMUEL SHIM
Attorney for defendants
5005 Newport Drive, Suite 404
Rolling Meadows, IL 60008
(847) 427-0033
Email: sshim.law@gmail.com