THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYUN JIN KIM, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 22 C 2375 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| MAHA, INC., d/b/a MIDORI JAPANESE ) | |
| RESTAURANT and BONG HEE MA, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Hyun Jin Kim alleged that Defendants Maha, Inc. and Bong Hee Ma failed to pay wages and overtime compensation to her and other employees in violation of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), the Illinois Wage Payment and Collection Act ("IWPCA"), and the City of Chicago Minimum Wage Ordinance ("Wage Ordinance"). (Dkt. 1). She now moves for collective class certification on her FLSA claim and for a court order authorizing notice to similarly situated persons pursuant to 29 U.S.C. § 216(b). (Dkt. 12). For the following reasons, the motion is denied. [12]

**BACKGROUND**

Defendant Maha, Inc., operates Midori Japanese Restaurant in Chicago, and Defendant Bong Hee Ma is the corporation's President. (Dkt. 1 ¶¶ 1, 7, 10, 14). The defendants employed Plaintiff Hyun Jin Kim as a server at Midori from approximately 2002 until April 30, 2022. (*Id.* ¶ 3). She took customers' orders, served food, and processed payments. (*Id.* ¶¶ 4, 15). Kim claims that throughout her twenty years of employment, the defendants never paid her any wages other than tips. (*Id.* ¶ 3).

Kim alleges she worked at Midori over 40 hours per week at several points. (*Id.* ¶¶ 16–19). For example, she worked about 11.5 hours per day for five or six days each week from May 4, 2019, until March 2020. (*Id.* ¶ 17). She also worked 7 hours per day every day of the week with no days off from April 1, 2021, until October 31, 2021. (*Id.* ¶ 19). The defendants never paid her any "house pay" during her entire period of employment. (*Id.* ¶ 21). Neither did they pay her one-and-a-half times the tipped employee's minimum wage rate for hours worked beyond forty in a workweek. (*Id.* ¶ 22).

According to Kim, the defendants never paid Midori's other servers any wages besides tips—neither the tipped employee's minimum wage nor overtime compensation for working more than forty hours. (*Id.* ¶ 23). The defendants allegedly deducted 18% of servers' credit card tips as payroll tax withholding. (*Id.* ¶ 24). She says they also often gave some portion of servers' tips to kitchen workers. (*Id.* ¶ 25).

Kim sued the defendants for violating the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and the Chicago Minimum Wage Ordinance for failing to pay minimum wages and overtime compensation. (Dkt. 1). She then moved, pursuant to Section 216(b) of the FLSA, for certification of a collective-action lawsuit and accompanying implementation directives. (Dkt. 12). She attached her affidavit in support of her motion. (Dkt. 12-1). Defendants oppose conditional collective-action certification. (Dkt. 14).

## Discussion

The FLSA sets national standards for minimum wages and overtime pay. 29 U.S.C. §§ 201 *et seq.* Employees can pursue FLSA claims through a "collective action" on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b); *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010). In contrast to a Rule 23 class action, where potential members must

2

affirmatively opt out or else be bound by the court's judgment, an FLSA collective action requires prospective plaintiffs to opt in by filing with the court a written consent to join the action. *Ervin v. OS Restaurant Servs., Inc.*, 632 F.3d 971, 976 (7th Cir. 2011) (citing 29 U.S.C. § 216(b); *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004); Fed. R. Civ. P. 23(c)(2)(B)). District courts have "broad discretion" to manage FLSA collective actions. *Id.*; *Weil v. Metal Techs., Inc.*, 925 F.3d 352, 357 (7th Cir. 2019). But in exercising its discretion to authorize notice to prospective plaintiffs, the court "must be scrupulous to respect judicial neutrality" and should "avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman La Roche v. Sperling*, 493 U.S. 165, 174 (1989). Many courts, including in this circuit, commonly follow a two-stage certification approach to collective actions. *See, e.g.*, *Evans v. Dart*, No. 20 C 2453, 2022 WL 823883, at *5 (N.D. Ill, Mar. 18, 2022); *Iannotti v. Wood Grp. Mustang*, No. 20-cv-958, 2022 WL 1605855, at *2 (S.D. Ill. May 20, 2022); *Campbell v. Marshall Int'l, LLC*, No. 20 C 5321, 2022 WL 3684571, at *1 (N.D. Ill. Aug. 25, 2022).[1] This case is in stage one.

At the first stage—conditional certification—the court "determine[s] the size and contour of the group of employees who may become collective members and whether these potential members are 'similarly situated.'" *Evans*, 2022 WL 823883, at *5 (citing *Nicks v. Koch Meat Co., Inc.*, 265 F. Supp. 3d 841, 848 (N.D. Ill. 2017)). This requires the plaintiff to make a "modest factual showing" that she and other potential plaintiffs were all subject to a common, illegal policy or plan. *Id.*; *see also Grosscup v. KPW Mgmt., Inc.*, 261 F. Supp. 3d 867, 870 (N.D. Ill. 2017)

---

[1] *See also* 7B Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure*, § 1807 (3d ed. April 2022 Update); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995) (describing district court's conditional certification of representative class at the "notice stage," allowing "similarly situated" plaintiffs to opt in, progressing with discovery, and then making second determination on defendant's motion to decertify); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001), *cert. denied* 534 U.S. 1127 (2002) (approving of two-stage certification procedure in *Mooney*); *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (characterizing two-stage certification approach as "sensible," though noting neither FLSA nor Supreme Court requires it); *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 85 (3d Cir. 2017).

3

("The plaintiffs must make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."); *Roberts v. One Off Hospitality Grp., Ltd.*, No. 21 C 5868, 2022 WL 16856393, at *2 (N.D. Ill. Nov. 10, 2022). To meet this relatively low bar, plaintiffs must support their factual allegations through "affidavits, declarations, deposition testimony, or other documents." *Evans*, 2022 WL 823883, at *5 (quoting *Anyere v. Wells Fargo Co.*, No. 09 C 2769, 2010 WL 1542180, at *2 (N.D. Ill. Apr. 12, 2010)); *see also Roberts*, 2022 WL 16856393, at *2 ("A 'modest factual showing' is a low standard—but not a toothless one."). This requires "something beyond mere speculation" that can "demonstrate a factual nexus between the manner in which the employer's alleged policy affected [the plaintiff] and the manner in which it affected the proposed collective action members." *Halle v. West Penn Allegheny Health Sys., Inc.*, 842 F.3d 215, 224 (3d Cir. 2016); *see also Myers*, 624 F.3d at 555 ("The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." (internal citations omitted)); *see also, e.g.*, *Fares v. H, B, & H, LLC*, No. 21-CV-753, 2022 WL 72081 (E.D. Wis. Jan. 7, 2022) ("Although there is no formula for the type or amount of evidence necessary to make the modest factual showing, . . . plaintiffs generally put forth multiple declarations from putative class members and/or deposition testimony from the parties.").

Here, Kim moves to certify a collective-action class pursuant to § 216(b), asserting violations of the FLSA's minimum wage and overtime compensation provisions. (Dkt. 12). She proposes as the class of members "similarly situated" to herself "all employees of Maha, Inc. DBA Midori Japanese Restaurant who worked as manual labor workers such as server, busboy, kitchen worker, sushi chef who was not paid minimum and/or overtime wage at any time between May 5,

4

2019 and the present." (Dkt. 12-2 at 1). To support the putative class, she attached only her own affidavit, in which she details her own hours worked with deficient pay, (dkt. 12-1 ¶¶ 1–10, 14), and attests to her personal knowledge about other employees' wages, (dkt. 12-1 ¶¶ 11–13, 15–17). She provided no additional evidence.

Kim has not yet made the "modest factual showing" necessary for conditional certification of the proposed class. Though she "personally know[s]" and names other Midori servers whom the defendants allegedly paid only tips and no minimum or overtime wages, (dkt. 12-1 ¶¶ 12–13, 15–16), she provides no corroboration of these other servers' experiences. There is even less support for her inclusion of "busboy[s], kitchen worker[s], and sushi chef[s]" within the putative class. She gives no details about these other workers or her basis of knowledge, stating only: "I personally know that there are many other employees of Defendants who work manual labor but were not paid any minimum or overtime wage." (Dkt. 12-1 ¶ 17). Without more, Kim's statements about other workers' experiences are "unsupported assertions" insufficient to demonstrate a company-wide policy that affected all proposed collective action members in a similar way. *See Myers*, 624 F.3d at 555; *Halle*, 842 F.3d at 224; *Roberts*, 2022 WL 16856393, at *2 ("Critically absent are affidavits from any other similarly situated employees who worked at defendants' restaurants. . . . '[M]odest factual support' demands more than the barebones affidavit[ ] provided."); *Placide v. Roadrunner Transp. Servs., Inc.*, No. , 2022 WL 3682912, at *3 (E.D. Wis. Aug. 25, 2022) (denying conditional class certification where named plaintiff submitted only evidence as to his own experience without corroboration from other similarly situated employees).

This not Kim's only chance to pursue conditional certification of her FLSA claims in a collective action. She may try again, with the benefit of discovery "to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in." Wright, Miller & Kane,

5

*Federal Practice & Procedure*, § 1807; *see also Halle*, 842 F.3d at 224 ("A denial at the certification stage is not necessarily a final determination of whether the matter may proceed as a collective action."); *Roberts*, 2022 WL 16856393, at *3 (denying without prejudice conditional class certification); *Placide*, 2022 WL 3682912, at *4–*5 (denying without prejudice conditional class certification, pending additional discovery). But on this scant record, she has not met her burden to show other potential plaintiffs were also victims of an alleged company plan or policy that violated the FLSA. She has failed to supply the Court with affidavits from other servers or staff and wants the Court to simply rely on her own assertion.

## CONCLUSION

For these reasons, Kim's motion for conditional certification of her collective-action FLSA claims and authorization to issue notice to prospective plaintiffs is denied without prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: January 3, 2023

6