IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HYUN JIN KIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22-cv-2375 |
| | ) | |
| MAHA, INC., d/b/a MIDORI JAPANSE RESTAURANT and BONG HEE MA, | ) ) | Honorable Lindsay Jenkins |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants, MAHA, INC. and BONG HEE MA, by and through their attorney, Samuel S. Bae, and pursuant to Federal Rules of Civil Procedure 50(a), submits the following Memorandum of Law in Support of Its Motion for Judgment as a Matter of Law:

INTRODUCTION.

Plaintiff filed an Amended Complaint against Defendants, Maha, Inc. and Bong Hee Ma, claiming violations of the Fair Labor Standards Act (the "FLSA"), and the Illinois Minimum Wage Law (the "IMWL"), the Chicago Minimum Wage Ordinance ("CMWO") and unlawful retaliation. The matter went to trial on November 4, 2024. Defendants now move for judgment as a matter of law pursuant to Fed R. Civ. P. 50(a) at the close of Plaintiff's presentation of evidence.

This Court should grant defendant's motion where the plaintiff could not testify as to the hours she worked in any given week, and thus she failed to produce any credible evidence to show the amount and extent of the work as a matter of just and reasonable inference. Hence, plaintiff failed to meet her burden of proof. Any damage award would be speculative and unfounded. Consideration of the evidence presented by plaintiff demonstrates that there is no

1

legally sufficient basis for a reasonable jury to find in her favor, and therefore, defendants' motion pursuant to Rule 50 should be granted.

## LEGAL STANDARD

The standard for deciding a motion for judgment as a matter of law is "fundamentally the same" as the standard for summary judgment. *Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 924 (7th Cir.2000); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135, 120 S. Ct. 2097, 2102 (2000). The court must determine whether, viewing the evidence in the light most favorable to the party against whom judgment was entered, there was a "legally sufficient amount of evidence from which [the jury] could reasonably derive its verdict." *Id. See also Hall v. Gary Community Sch. Corp.*, 298 F.3d 672, 675 (7th Cir.2002).

In other words, the court must determine whether any rational jury could have found for the plaintiff. *Harvey v. Office of Banks & Real Estate*, 377 F.3d 698, 707 (7th Cir.2004). It is error to deny a motion for judgment as a matter of law where the evidence, viewed in a light most favorable to the party opposing the motion, is such that no reasonable jury could reach the conclusion drawn. *Funk v. Franklin Life Ins. Co.*, 392 F.2d 913, 915 (7th Cir. 1968). Further, the Court may grant a new trial if a jury verdict is against the clear weight of the evidence. *Foster v Continental Can Corp.*, 783 F.2d 731 (7th Cir. 1986).

## ARGUMENTS

### I.

**PLAINTIFF FAILED TO MEET HER BURDEN OF PROOF WHERE SHE COULD NOT AND DID NOT TESTIFY AS TO ANY HOURS WORKED IN ANY GIVEN WEEK AS A MATTER OF JUST AND REASONABLE INFERENCE.**

2

Plaintiff utterly failed to meet her burden of proof. Employees seeking unpaid overtime bear the burden of proving they performed overtime work for which they were not compensated. *Brown v. Family Dollar Stores of IN, LP*, 534 F.3d 593, 594 (7th Cir. 2008). While a Plaintiff asserting a claim for unpaid overtime under the FLSA does not bear the burden of showing actual time worked where the employer has not kept detailed records, there is still a burden on the Plaintiff to provide sufficient evidence as to the amount of work for which an employee was not compensated to allow a trier of fact to draw a reasonable inference as to proper compensation. *See Anderson v. Mt. Clemons Pottery Co.*, 328 U.S. 680, 688-89 (1946), superseded by statute on other grounds as set forth in *IBP, Inc. v. Alvarez*, 328 U.S. 21, 41 (2005).

In the instant matter, Plaintiff could not and did not testify how many hours she worked in any given week, or indeed, whether she worked during a given week during the entire course of her employment. Accordingly, plaintiff's testimony was entirely speculative and unfounded. It certainly was not sufficient to show the amount and extent of her alleged work as a matter of just and reasonable inference.

Plaintiff testified that she began working at the Midori Restaurant soon after she came to the United States from Korea in 2003. Without any specificity, Plaintiff makes a general blanket assertion that she worked an average of 50 hours per week from 2012 until she was terminated on April 30, 2022. During cross examination, plaintiff began altering her testimony. Plaintiff testified that she worked at another restaurant in 2012 but then admitted that she in fact owned and operated another Japanese restaurant called Tanpopo less than a half mile away. Then she tried to minimize the duration saying she was only there less than 1 year and refuted that she was there from 2012 to 2014. Furthermore, plaintiff's testimony contradicted the declaration she

3

made under penalties of perjury (Dkt 12-1). In her declaration, plaintiff claimed that she worked at the restaurant from about 2002 until April 30, 2022. See ¶ 2. This is untrue as plaintiff did not work at the restaurant from 2012 to 2014. Plaintiff claims that until March of 2020, she worked more than 10-12 hours per day for 5-6 days per week. See ¶ 3. Again, this is false as she did not work there beginning 2012 and she failed to mention that the restaurant was closed for 3 weeks in March of 2020 due to the pandemic. In ¶ 4, plaintiff claimed that she worked 7 hours a day for 5-6 days from April 2020 until March 31, 2021 which directly contradicts her testimony that she worked an average of 50 hours per week during this period. Further, during this period the restaurant was open only from 4-9 PM and sometimes until 10 PM during certain weekends. It would be impossible for plaintiff to work an average of 50 hours per week during this time period. In ¶ 5, plaintiff stated that from April 1, 2021 until October 31, 2021, she worked 7 hours per day for 7 days without any days off because another worker was on maternity leave. But plaintiff was unable to state when this other worker left for maternity leave other than to say the other worker was pregnant and could not work. In ¶ 6, plaintiff claims that from November 1, 2021 until April 30, 2022, she worked 7 hours a day for 5 days per week. By her own sworn declaration (35 hours), she contradicts her testimony that she worked an average of 50 hours per week. In fact, although plaintiff claims in ¶ 12-13 that other servers were not paid their minimum or overtime wages, there is no one else to corroborate her claims and she is the only person complaining. Moreover, there are no written records of number of days and hours plaintiff worked at the restaurant. The plaintiff's testimony is characterized by misrepresentations and a blatant lack of honesty.

     According to plaintiff, even though she was not being paid properly, she worked at the restaurant for 20 years. By working at the restaurant, plaintiff raised her two children as a single

parent putting them through college. All of the checks that plaintiff received from the restaurant were filled out by the plaintiff but pre-signed by Ms. Ma. Ms. Ma never told the plaintiff how much to write on those checks. Furthermore, plaintiff claims that $250 checks paid weekly were not for wages or other compensation but rather exchanging her cash with the restaurant manager because the restaurant did not have any cash. Plaintiff claims that another server did the same.

Plaintiff testified that she received checks and cash but does not have any records of how much she received in cash. She testified that at the beginning of her employment, customers at the restaurant paid about 50% cash and 50% in credit cards but gradually changed over time to about 30% cash and 70% credit cards at the end of her employment.

## II.

### PLAINTIFF FAILED TO MEET HER BURDEN OF PROOF FOR RETALIATORY DISCHARGE UNDER THE FLSA WHERE SHE FAILED TO PRESENT ANY EVIDENCE OF RETALIATION.

Plaintiff has failed to make out a prima facie case for retaliatory discharge under the Fair Labor Standards Act (FLSA). Under the FLSA, a plaintiff may provide direct or indirect evidence to meet his burden of proof. Plaintiff here has no direct evidence of retaliation. Direct evidence does not consist of inferences or speculation. Direct evidence requires testimony as to the employer's mental processes, essentially an admission of the decision maker that his actions were retaliatory. *Radue v. Kimberley-Clark Corp.*, 219 F. 3d 612 (7th Cir. 2000). There is no such direct evidence in this case.

Thus, in evaluating defendants' Motion, this court must look to whether there is sufficient indirect evidence of retaliation to allow plaintiff's claim to go forward. In order to prove her case by the indirect method, a plaintiff is required to demonstrate that (1) she engaged in statutorily

protected activity; (2) she suffered an adverse employment action, and (3) there is a causal link between the protected expression and the adverse action. *Cuevas v. Monroe Street City Club*, 752 F. Supp. 1405 (N.D. Ill.1990). The instant case is bereft of any evidence of retaliation, direct or circumstantial.

It is undisputed that plaintiff's retaliation claim is based on defendant Ma's single voicemail of March 11, 2024. Notwithstanding the content of the voicemail, there is no evidence whatsoever that plaintiff suffered an adverse employment action because she had engaged in protected activity. It is undisputed that plaintiff was terminated on April 30, 2022 after she refused to share the tip with a busboy. Plaintiff testified that she stopped working at the restaurant because the owner told her to give some of the tips to the busboy. According to the plaintiff, she refused to do so. Plaintiff, however, had no problem with sharing her tips with other busboys in the past. Plaintiff was fired on April 30, 2022. There is absolutely no causal link between the voicemail left in March of 2024 and plaintiff's termination in April of 2022. *Cf. Johnson v. University of Wisconsin-Eau Claire*, 70 F. 3d 469, 480 (7th Cir. 1995)("substantial lime lapse between protected activity and the adverse action is counter-evidence of any causal connection.") *See also Goetzke v. Ferro Corp*., 280 F.3d 766 (7th Cir. 2002) Based on the evidence presented, no rational jury could find in plaintiff's favor on the retaliation claim.

For all of the foregoing reasons, Plaintiff has failed to establish an evidentiary basis upon which a reasonable jury could find in her favor on the retaliation claim, and therefore, defendants' Rule 50 Motion for Judgment as a Matter of Law should be granted.

Finally, even if this Court allows plaintiff's claim to proceed, plaintiff has shown no basis for her claim of punitive damages, and that portion of her claim should be dismissed as a matter of law. In *Shea v. Galaxie Lumber & Construction Company, Ltd*., 152 F.3d 729 (7th Cir. 1998),

the Seventh Circuit held that punitive damages maybe recoverable under an FLSA retaliation claim. The Court approved a jury instruction that required evidence that the Defendant acted in deliberate disregard of Plaintiff's rights in order for an award of punitive damages to stand.

In the instant case, there is absolutely no evidence that defendants acted in deliberate disregard of plaintiff's statutory rights. Simply put, there is no evidence of willfulness in this case upon which a reasonable jury could award punitive damages, and therefore, judgment as a matter of law should be granted on this claim as well.

                                                 Respectfully submitted,

                                                 By: /s/ Samuel S. Bae
                                                 Samuel S. Bae (ARDC - 6257863)
                                                 Law Office of Samuel S. Bae
                                                 1400 E Touhy Ave, Ste 245
                                                 Des Plaines, Illinois 60018
                                                 (847) 813-6992
                                                 ssb@baelegal.com