**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HYUN JIN KIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22-cv-2375 |
| | ) | |
| MAHA, INC., d/b/a MIDORI JAPANSE | ) | Honorable Lindsay Jenkins |
| RESTAURANT and BONG HEE MA, | ) | |

**DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants, MAHA, INC. and BONG HEE MA, by and through their attorney, Samuel S. Bae, and pursuant to Federal Rules of Civil Procedure 50(a) and 59, submits the following Memorandum of Law in Support of Its Renewed Motion for Judgment as a Matter of Law or, in the alternative, a New Trial:

Plaintiff filed an Amended Complaint against Defendants, Maha, Inc. and Bong Hee Ma, claiming violations of the Fair Labor Standards Act (the "FLSA"), and the Illinois Minimum Wage Law (the "IMWL"), the Illinois Wage Payment and Collection Act ("IWPCA"), the Chicago Minimum Wage Ordinance ("CMWO") and unlawful retaliation.

The matter went to trial on November 4, 2024. At the close of evidence, the Court granted defendants' motion for judgment as a matter of law as to the IWPCA claim (Count V). (ECF No. 132) The Court found that "there was no evidence at trial that Defendants failed to pay Plaintiff as agreed in the parties' agreement. Stated differently, all the testimony on this point has been that Plaintiff did receive all the pay she was promised under the agreement for the shifts worked, whether that pay was the result of customer tips only or because Defendants made up the difference between customer tips and the promised amount. Because the testimony presented would not permit the jury to reasonably find that Defendants failed to comply with the terms of

1

the parties' agreement, the motion is granted as to the IWPCA claim." (*Id.*) Count V was therefore dismissed with prejudice.

The Jury found in favor of the defendants on Counts VII and VIII (Unlawful retaliation) and therefore those counts were dismissed with prejudice. (ECF. No. 140)

This Court should grant defendant's renewed motion, after hearing all of the evidence, where the plaintiff did not present any evidence that defendants failed to pay Plaintiff as agreed in the parties' agreement. Defendants have timely filed their post-trial motion pursuant to Federal Rules of Civil Procedure 50 and 59 no later than 28 days after entry of the judgment

## LEGAL STANDARD

This Court has jurisdiction over the FLSA claims set forth in Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) et seq. It is error to deny a motion for judgment as a matter of law where the evidence, viewed in a light most favorable to the party opposing the motion, is such that no reasonable jury could reach the conclusion drawn. *Funk v. Franklin Life Ins. Co.*, 392 F.2d 913, 915 (7th Cir. 1968). Further, the Court may grant a new trial if a jury verdict is against the clear weight of the evidence. *Foster v Continental Can Corp.*, 783 F.2d 731 (7th Cir. 1986).

Rule 59 (a) permits a trial judge to grant a new trial: "to all or any of the parties and on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States ...." Fed.R.Civ.P. 59(a). The Seventh Circuit has stated that a new trial may be granted where "the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." *Mid-America Tablewares, Inc. v.*

*Mogi Trading Co.*, 100 F.3d 1353, 1367 (7th Cir.1996). The standards for granting a judgment notwithstanding the verdict and a new trial are distinct, the standard for a new trial being less onerous. *Lewis v. Elliot*, 628 F.Supp. 512, 515 (D.D.C.1986).

When considering whether the jury's verdict goes against the manifest weight of the evidence, the Court analyzes the "general sense of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial." *Mejia v. Cook Cnty.*, 650 F.3d 631, 633 (7th Cir. 2011).

## ARGUMENTS

### I.

**PLAINTIFF FAILED TO MEET HER BURDEN OF PROOF WHERE SHE COULD NOT AND DID NOT TESTIFY AS TO ANY HOURS WORKED IN ANY GIVEN WEEK AS A MATTER OF JUST AND REASONABLE INFERENCE.**

Now with the benefit of hearing all of the evidence presented at the trial, it is now even more clear that Plaintiff has failed to meet her burden of proof. Employees seeking unpaid overtime bear the burden of proving they performed overtime work for which they were not compensated. *Brown v. Family Dollar Stores of IN, LP*, 534 F.3d 593, 594 (7th Cir. 2008). While a Plaintiff asserting a claim for unpaid overtime under the FLSA does not bear the burden of showing actual time worked where the employer has not kept detailed records, there is still a burden on the Plaintiff to provide sufficient evidence as to the amount of work for which an employee was not compensated to allow a trier of fact to draw a reasonable inference as to proper compensation. *See Anderson v. Mt. Clemons Pottery Co.*, 328 U.S. 680, 688-89 (1946), superseded by statute on other grounds as set forth in *IBP, Inc. v. Alvarez*, 328 U.S. 21, 41 (2005).

As argued previously and now the evidence is clear that the Plaintiff could not and did not testify how many hours she worked in any given week, or indeed, whether she worked during a given week during the entire course of her employment. Accordingly, plaintiff's testimony was entirely speculative and unfounded. It certainly was not sufficient to show the amount and extent of her alleged work as a matter of just and reasonable inference.

As this Court found in dismissing the IWPCA claim, "there was no evidence at trial that Defendants failed to pay Plaintiff as agreed in the parties' agreement. Stated differently, all the testimony on this point has been that Plaintiff did receive all the pay she was promised under the agreement for the shifts worked, whether that pay was the result of customer tips only or because Defendants made up the difference between customer tips and the promised amount. Because the testimony presented would not permit the jury to reasonably find that Defendants failed to comply with the terms of the parties' agreement, the motion is granted as to the IWPCA claim." (ECF No. 132)

This Court's finding at the close of all evidence found that the plaintiff had indeed been paid all that she was promised for the shifts she worked. The Court's finding equally applies to the minimum wage and overtime wage claims as well.

Plaintiff could not and did not testify how many hours she worked in any given week, or indeed, whether she worked during a given week during the entire course of her employment. Accordingly, plaintiff's testimony was entirely speculative and unfounded. It certainly was not sufficient to show the amount and extent of her alleged work as a matter of just and reasonable inference.

Plaintiff testified that she began working at the Midori Restaurant soon after she came to the United States from Korea in 2003. Without any specificity, Plaintiff makes a general blanket

4

assertion that she worked an average of 50 hours per week from 2012 until she was terminated on April 30, 2022. During cross examination, plaintiff began altering her testimony. Plaintiff testified that she worked at another restaurant in 2012 but then admitted that she in fact owned and operated another Japanese restaurant called Tanpopo less than a half mile away. Then she tried to minimize the duration saying she was only there less than 1 year and refuted that she was there from 2012 to 2014. Furthermore, plaintiff's testimony contradicted the declaration she made under penalties of perjury (ECF No. 12-1). In her declaration, plaintiff claimed that she worked at the restaurant from about 2002 until April 30, 2022. See ¶ 2. This is untrue as plaintiff did not work at the restaurant from 2012 to 2014. Plaintiff claims that until March of 2020, she worked more than 10-12 hours per day for 5-6 days per week. See ¶ 3. Again, this is false as she did not work there beginning 2012 and she failed to mention that the restaurant was closed for 3 weeks in March of 2020 due to the pandemic. In ¶ 4, plaintiff claimed that she worked 7 hours a day for 5-6 days from April 2020 until March 31, 2021 which directly contradicts her testimony that she worked an average of 50 hours per week during this period. Further, during this period the restaurant was open only from 4-9 PM and sometimes until 10 PM during certain weekends. It would be impossible for plaintiff to work an average of 50 hours per week during this time period. In ¶ 5, plaintiff stated that from April 1, 2021 until October 31, 2021, she worked 7 hours per day for 7 days without any days off because another worker was on maternity leave. But plaintiff was unable to state when this other worker left for maternity leave other than to say the other worker was pregnant and could not work. In ¶ 6, plaintiff claims that from November 1, 2021 until April 30, 2022, she worked 7 hours a day for 5 days per week. By her own sworn declaration (35 hours), she contradicts her testimony that she worked an average of 50 hours per week. In fact, although plaintiff claims in ¶ 12-13 that other servers were not

5

paid their minimum or overtime wages, there is no one else to corroborate her claims and she is the only person complaining. Moreover, there are no written records of number of days and hours plaintiff worked at the restaurant. The plaintiff's testimony is characterized by misrepresentations and a blatant lack of honesty.

According to plaintiff, even though she was not being paid properly, she worked at the restaurant for 20 years. By working at the restaurant, plaintiff raised her two children as a single parent putting them through college. All of the checks that plaintiff received from the restaurant were filled out by the plaintiff but pre-signed by Ms. Ma. Ms. Ma never told the plaintiff how much to write on those checks. Furthermore, plaintiff claims that $250 checks paid weekly were not for wages or other compensation but rather exchanging her cash with the restaurant manager because the restaurant did not have any cash. Plaintiff claims that another server did the same.

Plaintiff testified that she received checks and cash but does not have any records of how much she received in cash. She testified that at the beginning of her employment, customers at the restaurant paid about 50% cash and 50% in credit cards but gradually changed over time to about 30% cash and 70% credit cards at the end of her employment.

## II.

**DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, A NEW TRIAL WHERE PLAINTIFF'S VIOLATION OF THIS COURT'S ORDER PROHIBITING ANY MENTION OF ANY RECORDS OF EMPLOYMENT.**

After a lengthy motion practice on both parties' motions *in limine*, this Court granted defendants' motion to bar plaintiff's handwritten notes and other records. (ECF No. 105) It also

granted defendants' motion to bar any reference to those records during the trial. (ECF No. 105) This Court subsequently denied plaintiff's motion to reconsider those rulings. (ECF No. 124)

The Seventh Circuit has held that "[t]he misconduct of counsel justifies a new trial where that misconduct prejudiced the adverse party." *Davis v. FMC Corp.*, 771 F.2d 224, 233 (7th Cir.1985) (*quoting Wiedemann v. Galiano*, 722 F.2d 335, 337 (7th Cir.1983)).

Notwithstanding the Court's explicit orders, plaintiff's counsel referenced the handwritten notes during his opening and during his direct examination of the plaintiff. Further, plaintiff referenced her handwritten notes several times during her testimony clearly indicating that plaintiff's counsel did not instruct her, intentionally or unintentionally. Defendants objected, and during the ensuing sidebar, this Court granted defendants' objections and admonished plaintiff and her counsel. Plaintiff's flagrant violations of this Court's order require, at a minimum, a new trial. *See Joseph v. Brierton*, 739 F.2d 1244, 1247-48 (7th Cir. 1984) (counsel violated an in limine ruling during closing argument, and despite instructions from the Court telling the jury to ignore counsel's comments, the comments were highly prejudicial and a new trial was necessary); *Adams Laboratories, Inc. v. Jacobs Engineering Co., Inc.*, 761 F.2d 1218, 1225-27 (7th Cir. 1985) (counsel's reference to chemical plant's bankruptcy, which was in direct contravention of ruling in limine, along with other errors constituted prejudicial error which entitled party to new trial); *Moody v. Ford Motor Co.*, 506 F.Supp.2d 823, 847-848 (N.D. Okla. 2007) (new trial granted after counsel violated ruling in limine and engaged in other prejudicial acts, including improper attacks on parties' credibility). *see also Kiefel v. Las Vegas Hacienda*, 404 F.2d 1163 (7th Cir. 1968) (Defense counsel's knowingly making prejudicial insinuations during opening argument, not substantiated by the evidence entitled plaintiff to a new trial).

7

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court to grant their Motion for Judgment as a Matter of Law or, in the alternative, a New Trial.

        Respectfully submitted,

        By: <u>/s/ Samuel S. Bae</u>
        Samuel S. Bae (ARDC - 6257863)
        Law Office of Samuel S. Bae
        1400 E Touhy Ave, Ste 245
        Des Plaines, Illinois 60018
        (847) 813-6992
        ssb@baelegal.com

**CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that a copy of the foregoing was electronically filed and served via the court's CM/ECF system on this 20th day of December 2024.

                                        By: /s/ Samuel S. Bae
                                        Samuel S. Bae (6257863)
                                        Law Office of Samuel S. Bae
                                        1400 E Touhy Ave, Ste 245
                                        Des Plaines, Illinois 60018
                                        (847) 813-6992
                                        ssb@baelegal.com