IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hyun Jin Kim, | ) | |
| | ) | Case No. 22-cv-02375 |
| Plaintiff, | ) | |
| v. | ) | Honorable Lindsay C. Jenkins |
| | ) | |
| Maha, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT
ON ATTORNEYS' FEES AND COSTS**

**PRELIMINARY STATEMENT**

After a jury trial, on November 26, 2024, prevailing Plaintiff filed a motion for attorneys' fees and costs. (ECF No. 145). On December 17, 2024, Defendants filed its response to Plaintiff's motion for attorneys' fees and costs. (ECF No. 154). On January 22, 2025, the third amended judgment was entered prior to the Court's determination on Plaintiff's attorneys' fees and costs. (ECF No. 159). On February 25, 2025, the Court ordered Defendants to pay Plaintiff's counsel $150,820.00 in fees and $7,421.46 in costs. (ECF No. 161). Although the fees and costs were determined, the docket does not reflect entry of a recordable money judgment for those amounts. No judgment was entered to reflect the Court's determination on Plaintiff's attorneys' fees and costs.

Plaintiff respectfully moves for an entry of a separate money judgment in the amount of $150,820.00 for attorneys' fees and $7,421.46.00 for costs so that Plaintiff may proceed with post-judgment collection.

## LEGAL STANDARD

While Federal Rules of Civil Procedure 58(a)(3) provides that a separate judgment is not required for attorney's fees, the Court has authority to direct entry of money judgment to facilitate and execute enforcement of monetary awards. When awarding money judgment, 28 U.S.C. § 1961(a) provides a prevailing party in civil litigation with interest on a money judgment from the date of entry of the judgment.

## LEGAL ARGUMENT

**I. The Court has Already Determined the Amounts of Attorneys' Fees and Costs.**

The Parties fully briefed their argument in regard to Plaintiff's motion for attorneys' fees and costs. The Court, on February 25, 2025, ordered Defendants to pay Plaintiff's counsel $150,820.00 in attorneys' fees and $7,421.46 in costs. (ECF No. 161). However, absent entry of a money judgment, Plaintiff cannot effectively record the judgment for collection or ensure accrual of post-judgment interest.

Plaintiff is not seeking alternation of the prior ruling but is requesting only an entry of an enforceable judgment reflecting the amounts already fixed by the Court. Entry of judgment reflecting the amount awarded will clarify the total amount Defendants owed and permit enforcement under Rule 69 of the Federal Rules of Civil Procedure and the applicable Illinois law.

Thus, as the Court already determined the amounts of attorneys' fees and costs, Plaintiff seeks only an entry of judgment to formalize and effectuate previously granted award.

**II. Interest Accrue to Attorneys' Fees and Costs From the Date of Entry of Judgment Until Paid in Full.**

28 U.S.C. § 1961(a) provides "interest shall be allowed on any money judgment in a civil case recovered in a district court." Post-judgment interest, pursuant to 28 U.S.C. § 1961(a) must also be awarded for attorneys' fees and costs until paid in full. The interest cannot accrue prior to the date the judgment on attorney' fee is entered. *See Fleming v. Cnty of Kane*, 898 F.2d 553, 565 (7th Cir. 1990). Courts in this circuit have awarded post-judgment interest to total money judgment awarded which included attorneys' fees and costs. *See e.g., Simmons v. Cloud Nine Hosp. Grp.*, 2026 U.S. Dist. LEXIS 15058, at *10 (S.D. Ill. Jan. 27, 2026) (awarding post-judgment interest on the total amount awarded including attorneys' fees and costs); *Caserotti v. Burnette Legal Grp.*, LLC, 2026 U.S. Dist. LEXIS 9441, at *2 (S.D. Ill. Jan. 16, 2026) (ordering post-judgment interest shall accrue to total judgment which includes attorney's fees and costs); *Barwick v. Heart & Home In Home Care, LLC*, 2025 U.S. Dist. LEXIS 39146, at *14-15 (C.D. Ill. Mar. 5, 2025) (awarding prevailing plaintiff in FLSA and IMWL action with post-judgment interest to total judgment awarded that includes attorneys' fees and costs); *Am. Commer. Barge Line LLC v. IWC Oil & Refinery, LLC*, 2025 U.S. Dist. LEXIS 46768, at *34 (S.D. Ind. Mar. 14, 2025) ("[p]ost-judgment interest also applies to awards of attorneys' fees.").

Thus, Plaintiff is entitled to post-judgment interest accrue to attorneys' fees and costs from the date of entry of judgment until paid in full.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court direct the Clerk to enter judgment in favor of Plaintiff and against Defendants in the amount of $150,820.00 in attorneys' fees and $7,421.46 in costs. Plaintiff also respectfully requests that the Court to

specify that post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961 from the date of entry of the judgment until paid.

Dated: February 27, 2026

          Respectfully submitted,

          /s/ Ryan Kim
          Ryan J. Kim, Esq.

          Ryan Kim Law, P.C.
          222 Bruce Reynolds Blvd. Suite 490
          Fort Lee, NJ 07024
          ryan@ryankimlaw.com
          *Attorney for Plaintiff*